IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02349-GPG

MICHAEL ALLEN MORRIS,

      Applicant,

v.

MARY CARLSON, Manager of Offender Time/ Release Operations Colorado
      Department of Corrections (CDOC),
ANGEL MEDINA, Warden of Arrowhead C.C.,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, Michael Allen Morris, is in the custody of the Colorado Department of

Corrections, currently incarcerated at the Arrowhead Correctional Center in Canon City,

Colorado.  Mr. Morris has filed *pro se* an Amended Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence.

(ECF No. 4).  He has paid the filing fee in full.  (ECF No. 5).

      Respondents have filed a Preliminary Response (ECF No. 9) and argue that

Applicant has not exhausted state court remedies for his claim challenging the

execution of his sentence.

      Mr. Morris alleges in his Reply that he has exhausted all state remedies. (ECF

No. 10).  He states that he has tried to go through the State District Court system, and

the "Judge in Jefferson County District Court stated that the . . . sentencing papers for

case 09cr02966 are very clear that the applicant is to receive the 283 days off of his

Jefferson County District Court case." (*Id.* at 2).  He also states that the "attorney office has err [sic] in their reply that this case must go though [sic] the highest State court before going to Federal Court." (*Id.*).

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In this case, Mr. Morris has not met his burden of showing that he has exhausted all available state remedies.  His federal claim has not been presented properly to the highest state court, either by direct review or in a postconviction attack.  Therefore, his § 2241 application will be denied and the action dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 4) is denied and the action is dismissed without prejudice for

Applicant's failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

jurists of reason would not debate the correctness of this procedural ruling and

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this ___13th___ day of ___January___, 2016.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court